UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOSEPH MAY,

     Plaintiff,

v.                                Case No:  2:13-cv-323-FtM-DNF

COMMISIONER OF SOCIAL SECURITY,

     Defendant.

_____

## OPINION AND ORDER

This cause is before the Court on Plaintiff's Complaint (Doc. 1) filed on April 26, 2013. Plaintiff, Joseph May seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying his claim for a period of disability, disability insurance benefits and supplemental security income.   The Commissioner filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number), and the parties filed legal memoranda in support of their positions.   For the reasons set out herein, the decision of the Commissioner is **affirmed** pursuant to §205(g) of the Social Security Act, 42 U.S.C. §405(g).

### I.   Social Security Act Eligibility, the ALJ Decision, and Standard of Review

### A.   Eligibility

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months.   42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382a(3)(A); 20 C.F.R. §§ 404.1505, 416.905. The impairment must be severe, making the claimant unable to do her previous work, or any other

substantial gainful activity which exists in the national economy. 42 U.S.C. §§ 423(d)(2), 1382(a)(3); 20 C.F.R. §§ 404.1505 - 404.1511, 416.905 - 416.911.   Plaintiff bears the burden of persuasion through step four, while at step five the burden shifts to the Commissioner.   *Bowen v. Yuckert*, 482 U.S. 137, 146, n.5 (1987).

### B.  Procedural History

On August 13, 2009, Plaintiff filed an application for Disability Insurance Benefits and Supplemental Security Income asserting a disability onset date of January 1, 2009. (Tr. p. 123-126, 130-132). Plaintiff's application was denied initially and upon reconsideration. (Tr. p. 83-88, 93-97).   A hearing was held before Administrative Law Frederick McGrath ("ALJ) on July 28, 2011. (Tr. p. 42-53).    The ALJ issued an unfavorable decision on September 14, 2011. (Tr. p. 25-36).   On March 1, 2013, the Appeals Council denied Plaintiff's request for review. (Tr. p. 1-6).   The Plaintiff filed a Complaint (Doc. 1) in the United States District Court on April 26, 2013. This case is now ripe for review.   The parties consented to proceed before a United States Magistrate Judge for all proceedings.   (Doc. 15).

In his Memorandum in Opposition (Doc. 24), Plaintiff stated the following:   "For the sake of brevity and economy, the statements of the testimony and of the documentary evidence as set forth in the ALJ's decision (T. 22-41) are accepted by the Plaintiff and incorporated, as if fully presented herein, except as specifically alluded to, excepted, or expanded upon, below."   (Doc. 24, p. 3).   Therefore, the Court will also accept the testimony and medical evidence as set forth in the ALJ's Opinion unless specifically set forth otherwise.

### C.   Summary of the ALJ's Decision

An ALJ must follow a five-step sequential evaluation process to determine if a claimant has proven that he is disabled.   *Packer v. Comm'r of Soc. Sec.*, 542 F. App'x[1] 89 (11th Cir. 2013) (citing *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999)).   An ALJ must determine whether the claimant (1) is performing substantial gainful activity; (2) has a severe impairment; (3) has a severe impairment that meets or equals an impairment specifically listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) can perform his past relevant work; and (5) can perform other work of the sort found in the national economy. *Phillips v. Barnhart*, 357 F.3d 1232, 1237-40 (11th Cir. 2004).   The claimant has the burden of proof through step four and then the burden shifts to the Commissioner at step five.   *Hines-Sharp v. Comm'r of Soc. Sec.*, 511 F. App'x 913, 915 n.2 (11th Cir. 2013).

The ALJ determined that Plaintiff met the Social Security Act's insured status requirements through December 31, 2013. (Tr. p. 27).   At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since January 1, 2009, the alleged onset date. (Tr. p. 27).   At step two, the ALJ found that the Plaintiff suffered from the following severe impairments: degenerative disc disease of the lumbar spine and hypertension citing 20 C.F.R. § 404.1520(c) and 416.920(c). (Tr. p. 27). At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926.

---

1 Unpublished opinions may be cited as persuasive on a particular point. The Court does not rely on unpublished opinions as precedent. Citation to unpublished opinions on or after January 1, 2007 is expressly permitted under Rule 32.1, Fed. R. App. P. Unpublished opinions may be cited as persuasive authority pursuant to the Eleventh Circuit Rules. 11th Cir. R. 36-2.

(Tr. p. 29).   At step 4, the ALJ determined that the Plaintiff has the residual functional capacity ("RFC") to perform light work except he can lift and/or carry 20 pounds occasionally and 10 pounds frequently; sit, stand and/or walk for about six hours in an 8-hour day; and can never climb ladders, ropes and scaffolds or work around unprotected heights and dangerous machinery. (Tr. p. 29). The ALJ determined that Plaintiff can return to his past relevant work as a jeweler, and that this work does not require the performance of work-related activities precluded by Plaintiff's RFC.   (Tr. p. 35). The ALJ concluded that Plaintiff is not under a disability as defined in the Social Security Act, from January 1, 2009 through the date of the decision. (Tr. p. 36).

### D.   Standard of Review

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standard, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence, *Richardson v. Perales,* 402 U.S. 389, 390 (1971).   The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g).   Substantial evidence is more than a scintilla; i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion.   *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995), citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson*, 402 U.S. at 401.

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991).   The district court must view the evidence as a whole, taking into account

evidence favorable as well as unfavorable to the decision.   *Foote,* 67 F.3d at 1560; *accord*, *Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings).

## II. Analysis

Plaintiff raises three issues on appeal.   As stated by Plaintiff, they are: (1) whether the ALJ's decision mischaracterized the evidence, and therefore, provided a flawed credibility analysis; (2) whether the ALJ's decision failed to properly evaluate Plaintiff's complaints and testimony that his past job as a jeweler required a lot of bending and that he could not perform the bending requirements of that job; (3) and, whether ALJ failed to consider all of the physical and mental requirements of the Plaintiff's past relevant work as a jeweler.

### A.   Whether the ALJ Mischaracterized of Evidence

Plaintiff asserts that the ALJ failed to include in his RFC that the Plaintiff had limitations in his ability to stoop or bend, and in his ability to concentrate. Plaintiff asserts that the ALJ stated he gave great weight to the opinion of Dr. Donald Graham, but Dr. Graham did not give an opinion as to Plaintiff's ability to perform work-related activities; and the ALJ gave great weight to the State Agency opinions, yet some of the opinions determined that Plaintiff could perform less than a full range of sedentary work, and one stated that Plaintiff could only stand or walk at least 2 hours in an 8 hour day, and sit about 6 hours in an 8 hour day. Plaintiff argues that the ALJ's opinion was in conflict with some of the medical opinions of record. The Commissioner asserts that substantial evidence supports that ALJ's findings that Plaintiff could perform a range of light work.

At the fourth step in the evaluation process, the ALJ is required to determine a claimant's RFC and based on that determination, decide whether the plaintiff is able to return to his or her

previous work. *McCruter v. Bowen,* 791 F.2d 1544, 1547 (11th Cir. 1986).   The determination of a claimant's RFC is within the authority of the ALJ and along with the claimant's age education, and work experience, the RFC is considered in determining whether the claimant can work. *Lewis v. Callahan,* 125 F.3d 1436, 1440 (11th Cir. 1997). The RFC is the most a plaintiff is able to do despite her physical and mental limitations.   20 C.F.R. § 404.1545(a)(1).   In determining whether Plaintiff can return to her past relevant work, the ALJ must determine the Plaintiff's RFC using all of the relevant medical and other evidence in the record.   *Phillips v. Barnhart,* 357 F.3d 1232, 1238-39 (11th Cir. 2004), 20 C.F.R. §404.1520(e).   Weighing the opinions and findings of treating, examining, and non-examining physicians is an integral part of the ALJ's RFC determination at step four. *See, Rosario v. Comm'r of Soc. Sec.,* 877 F.Supp.2d 1254, 1265 (M.D. Fla. 2012).

The ALJ determined that Plaintiff could perform light work except that he could lift and/or carry 20 pounds occasionally and 10 pounds frequently; sit, stand and/or walk for about six hours in an 8-hour day; and can never climb ladders, ropes and scaffolds or work around unprotected heights and dangerous machinery. (Tr. p. 29). The ALJ noted an MRI taken in June 3, 2008, showing only mild degenerative disc disease at L3-L4 and L4-L5 whereas the MRI taken in November 13, 2009 indicated a discrete bulge at L1-L2 level 2, and multilevel early disc degeneration with no other findings of spinal or neural foramina stenosis.   (Tr. p. 30). The ALJ includes an MRI taken in May 2011 and relied on Donald Graham, D.O's determination that overall the findings were "unimpressive."

### 1.   Dr. Graham

The medical records summarized Plaintiff's imaging studies which showed a "multilevel degenerative discopathy/facet joint arthropathies of the thoracic and lumbar spine.   Moderate to severe secondary left foraminal stenosis at L3-L4, bilateral foraminal stenosis at L4-L5 with impingement on the nerve root."   (Tr. p. 454). A neurosurgeon, Dr. Graham reviewed the May 2011 MRI on June 16, 2011, and determined, "[o]verall findings are unimpressive.   Mild degenerative changes noted.   No evidence of what I would consider surgical disease. Considering his progressive deterioration I would recommend Neurology eval.   May need Neurosurgery if indicated following above."   (Tr. p. 460, 454).

The Court agrees with Plaintiff that Dr. Graham did not give an opinion as to Plaintiff's ability to perform work related tasks.   However, the ALJ is permitted to rely on Dr. Graham's conclusion that the May 2011 MRI showed overall "unimpressive" findings, and that Dr. Graham considered there to be no evidence of surgical disease.   Plaintiff has failed to show that Dr. Graham's conclusions were contradicted or not supported by evidence of record or that his opinion was inconsistent with the medical records.   *Poellnitz v. Astrue*, 349 F. App'x 500, 502 (11th Cir. 2009) (citing *Moore v. Barnhart*, 405 F.3d 1208, 1212 (11th Cir. 2005)). Therefore, the Court determines that the ALJ did not err in relying on Dr. Graham's opinions as to a diagnosis.

## 2.   State Agency

Plaintiff argues that the ALJ gave great weight to the State Agency opinions, yet some of the opinions determined that Plaintiff could perform less than a full range of sedentary work, and one stated that Plaintiff could only stand or walk less than 2 hours in an 8 hour day, and sit about 6 hours in an 8 hour day.   The ALJ did accord great weight to the State Agency reviewing physicians.   The ALJ asserted that their opinions were generally consistent with the substantial evidence in the record.   Plaintiff argues that the ALJ's RFC is not consistent with the State

Disability Determination on November 13, 2009 which opined that Plaintiff could perform less than a full range of sedentary work activity and could only occasionally climb, balance, stoop, kneel, crouch and crawl.[2]

The Physical Residual Functional Capacity Assessment dated November 13, 2009, was not completed by a doctor. (Tr. p. 254-260).   The medical consultant, Richard Whittier determined Plaintiff could lift less than 10 pounds occasionally or frequently, could stand less than 2 hours in an 8-hour day, was limited in lower extremities, could occasionally climb, balance, stoop, kneel, crouch, and crawl, could never climb a ladder, rope or scaffold, and should avoid all exposure to hazards such as machinery or heights. (Tr. p. 254-260).   The medical consultant concluded that Plaintiff had the ability to perform work at a less than sedentary level.   (Tr. p. 258).

On December 14, 2009, Murari Bijpuria, M.D. a State Agency Physician completed a Case Analysis which found the November 13, 2009 Determination not to be supported by substantial evidence, and amended that finding.   Dr. Bijpuria found that there was no documentation showing Plaintiff had sought and received an evaluation and treatment for persistent pain, tenderness, spasms, and limitations of the spine that lasted 12 consecutive months, and there was no documentation that he was prescribed a cane, received supervised physical therapy, or pain management. (Tr. p. 261).   Dr. Bijpuria also determined that Plaintiff's alleged limitations and the restrictions in the Physical Residual Functional Capacity Assessment dated November 13, 2009, were not supported by objective clinical findings and treatment records. (Tr. p. 261). Dr. Bijpuria disagreed with the Physical Residual Functional Capacity Assessment finding as to

---

2 Plaintiff argues that the December 30, 2009 State Disability determination also showed that Plaintiff was able to perform less than sedentary work. In the Physical Residual Functional Capacity Assessment dated December 30, 2009, the medical consultants states "sedentary given to accommodate the clmt's allegation of severe pain." (Tr. p. 269).   This Assessment does not indicate that Plaintiff is able to perform less than sedentary work.

exertional limitations and substituted his findings that Plaintiff can occasionally lift 10 pounds and frequently lift slightly less than 10 pounds, and that the obligatory use of a cane for short distances was not established by the medical record.   (Tr. p. 262). Therefore, the Court will not rely on the November 13, 2009 Physical Residual Functional Capacity Assessment because it was modified by Dr. Bijpuria's Case Analysis.

A second Physical Residual Functional Capacity Assessment was completed on December 30, 2009 by a medical consultant.   (Tr. p. 264-271). The medical consultant, Richard Whittier determined that Plaintiff could lift 10 pounds occasionally, less than 10 pounds frequently, stand and/or walk at least 2 hours in an 8-hour day, sit about 6 hours in an 8-hour day, and was limited in lower extremities, could climb, balance, stoop, kneel, crouch, crawl occasionally but never climb a ladder, rope or scaffold, and should avoid even moderate exposure to hazards. (Tr. p. 265-268). The medical consultant concluded that Plaintiff is able to perform sedentary work.   (Tr. p. 269).

A third Physical Residual Functional Capacity Assessment was completed by Bettye Stanley, D.O. on April 26, 2010. (Tr. p. 363-370).   Dr. Stanley determined that Plaintiff could lift 20 pounds occasionally, 10 pounds frequently, stand and/or walk for 2 hours in an 8-hour day, sit about 6 hours in an 8-hour day, occasionally climb, balance, stoop, kneel, crouch, and crawl but never climb a ladder, rope or scaffold, and should avoid concentrated exposure to hazards.   (Tr. p. (Tr. p. 363-370).   Dr. Stanley determined that the objective medical records did not fully support Plaintiff's severity of conditions and functional restrictions, and Plaintiff appeared to be only partially credible. (Tr. p. 368).   Dr. Stanley concluded that Plaintiff should be capable of performing at a reduced level of this RFC.   (Tr. p. 368).

Plaintiff is relying partially on the Physical Residual Functional Capacity Assessment of November 13, 2009 in claiming that the ALJ erred in giving great weight to the State Agency Assessments.   The November 13, 2009 Physical Residual Functional Capacity Assessment did determine Plaintiff could perform less than a full range of sedentary work and only stand or walk less than 2 hours in an 8 hour day, however, this Assessment was amended by Dr. Bijpuria's Case Analysis.   Dr. Bijpuria determined that Plaintiff was not as limited as found in the November 13, 2009 Assessment.   The ALJ found that the State Agency assessments are generally consistent with the substantial evidence in the record, and he gave them great weight. The ALJ relied generally on the State Agency Assessments in his determination of Plaintiff's RFC, especially the April 26, 2010 Assessment. Even though the ALJ did not adopt all of the limitations, he did adopt most of the limitations in the April 26, 2010 Assessment, and the Court does not find that the ALJ erred in giving great weight to the State Agency Assessments, and the Court finds that the RFC findings are generally consistent with the State Agency Assessments.

Plaintiff next argues that the ALJ erred because he failed to include in his RFC that Plaintiff could only occasionally climb, balance, stoop, kneel, crouch and crawl, as was provided in the December 30, 2009 State Disability Determination and the April 26, 2010 Assessment. Light work is defined as:

> (b) Light work. Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. 404.1567, 416.967.

Pursuant to SSR 85-13[3], light work may require a person to stoop (which is bending the body downward and forward by bending the spine at the waist) occasionally in order to lift objects, however, if stooping kneeling or crawling are required more than occasionally then these jobs would be classified a medium, heavy or very heavy jobs.   SSR 85-013 (2b). Therefore, by definition, light work includes only occasional stooping or bending, and even though the ALJ failed to specifically mention that Plaintiff was limited to occasional climbing, balancing, stooping, kneeling, crouching and crawling, these postural limitations are contained within the definition of light work.   Therefore, this omission was harmless.

The ALJ determined that Plaintiff could sit, stand and/or walk for about six hours in an 8-hour day.   Plaintiff argues that the State Agency Assessments limited Plaintiff to stand and/or walk for 2 hours in an 8-hour work day, and therefore the ALJ's Decision was inconsistent with the State Agency Assessments and the ALJ erred in giving the State Agency Assessments great weight.   The State Agency Assessments separated the stand/walk option from the sit option. The State Agency Assessments determined Plaintiff could stand/walk for at least 2 hours, and sit for six hours.   The ALJ determined that Plaintiff could sit, stand and/or walk for about 6 hours in and 8-hour work day.   The Court does not find that the ALJ erred by not separating the stand/walk option and by combining the sit, stand and/or walk options into 6 hours.

Plaintiff mentions that the ALJ failed to include any limitation as to Plaintiff's ability to concentrate. Plaintiff failed to indicate where in the Administrative Record there was mention of

---

3 "Social Security Rulings are agency rulings published under the Commissioner's authority and are binding on all components of the Administration. [citation omitted].   Even though the rulings are not binding on us, we should nonetheless accord the rulings great respect and deference . . ."   *Klawinski v. Comm'r of Soc. Sec.*, 391 F. App'x 772, 775 (11th Cir. 2010).

Plaintiff's inability to concentrate.   Therefore, the Court finds that the ALJ did not err in failing to include any limitations as to Plaintiff's ability to concentrate as to the first issue.[4]

**B.  Issues as to Side Effects of Medication and Requirement of Bending**

Plaintiff asserts that the ALJ erred in failing to consider Plaintiff's complaints of the side effects from his medications and difficulty with frequent bending.   Plaintiff argues that the job of a jeweler requires frequent bending and stooping and these activities cause Plaintiff a great deal of pain.   Plaintiff also argues that the side effects of his medication include difficulty concentrating and loss of memory. Plaintiff claims that this case should be reversed and remanded for the ALJ to address Plaintiff's complaints of inability to perform the bending requirements of his past relevant work and to address the side effects of his medication. The Commissioner responds that the ALJ considered Plaintiff's subjective complaints of pain while bending and the side effects from the medications such as dizziness, loss of concentration, and loss of memory and found Plaintiff's testimony not to be entirely credible.

The Court notes that Plaintiff only cites to the testimony of Plaintiff as to the difficulties with the bending requirement and the difficulties with concentration and loss of memory. At the hearing, Plaintiff testified that when he returned to his job of jewelry repair, he claimed that the job involved a lot of bending and stooping, and he could "hardly bend over without causing myself a lot of pain.   And the one thing about the job was polishing and you have to bend over to polish, and I just couldn't do it."   (Tr. p. 46-47). Plaintiff argues that the State Agency Assessments showed that Plaintiff was limited to stooping occasionally.

---

4 In this case, the Court notes that even though the ALJ determined that Plaintiff could perform light work, the ALJ also determined that Plaintiff could return to his past relevant work as a jeweler which is listed in the DOT as sedentary work. Therefore, even if the ALJ failed to specifically include certain limitations in his Decision as argued by Plaintiff, some of the exertional and postural limitations are included within the parameters of sedentary work.

As stated in the above section, pursuant to SSR 85-13, light work includes only occasional stooping or bending. Further, the parties agree that the occupation of jeweler is considered sedentary work.   The ability to stoop occasionally is required in sedentary occupations and would not erode the occupational base, however a complete inability to stoop would be considered to erode the unskilled sedentary occupational base to the point of finding an individual disabled. SSR 96-09p. Therefore, stooping occasionally is included within the definitions of light and sedentary work. In the instant case, Plaintiff's testimony states that he can "hardly bend over" yet, Plaintiff failed to indicate any medical support for his total inability to bend.   All of the State Agency Assessments showed that Plaintiff was able to stoop occasionally.   (Tr. p. 256, 266, 365). Plaintiff failed to cite to any medical opinion which supports his subjective testimony that he is "hardly" able to bend.

To establish disability based on testimony of pain and other symptoms, a plaintiff must satisfy two prongs of the following three-part test: "(1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain." *Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002) (citing *Holt v. Sullivan*, 921 F.3d 1221, 1223 (11th Cir. 1991)).   After an ALJ has considered a plaintiff's complaints of pain, the ALJ may reject them as not credible, and that determination will be reviewed to determine if it is based on substantial evidence.   *Moreno v. Astrue*, 366 F. App'x 23, 28 (11th Cir. 2010) (citing *Marbury v. Sullivan*, 957 F.2d 837, 839 (11th Cir. 1992). If an ALJ discredits the subjective testimony of a plaintiff, then he must "articulate explicit and adequate reasons for doing so. [citations omitted] Failure to articulate the reasons for discrediting subjective testimony requires, as a matter of law, that the testimony be accepted as true." *Wilson v. Barnhart*,

284 F.3d at 1225.   "A clearly articulated credibility finding with substantial supporting evidence in the record will not be disturbed by a reviewing court."   *Foote v. Chater*, 67 F.3d 1553, 1562 (11th Cir. 1995)).   The factors an ALJ must consider in evaluating a plaintiff's subjective symptoms are:   "(1) the claimant's daily activities; (2) the nature and intensity of pain and other symptoms; (3) precipitating and aggravating factors; (4) effects of medications; (5) treatment or measures taken by the claimant for relief of symptoms; and other factors concerning functional limitations." *Moreno v. Astrue*, 366 F. App'x at 28 (citing 20 C.F.R. § 404.1529(c)(3)).

The ALJ summarized Plaintiff's testimony that he was working at a jewelry repair job, and that he continued to have pain while working based on the sitting, standing, bending and stooping required. (Tr. p. 33). The ALJ noted that the job of polishing caused pain and Plaintiff testified he was unable to do that part of the job.   (Tr. p. 33). The ALJ considered Plaintiff's testimony that during the day, Plaintiff had to lie flat on the ground or floor and cannot sit or stand for more than 10 to 15 minutes.   (Tr. p. 33). Plaintiff testified that he could not sit in a car for a long trip.   (Tr. p. 33). The ALJ noted that Plaintiff was provided with a cane, and that he had pain from his varicose veins.   (Tr. p. 33).

The ALJ determined that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, however, Plaintiff's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent that they are inconsistent with the RFC. (Tr. p. 34).   The ALJ found that Plaintiff's testimony was inconsistent and contradictory and not supported by the medical evidence of record.   (Tr. p. 34). The ALJ cited to a February 2009 examination when Plaintiff said his back pain was on "holiday" with medications and he walked without assistance.   (Tr. p. 34). The ALJ cited to Plaintiff's pain being under good control with medication in September 2009, and that no surgery had been

indicated for Plaintiff, only pain management.   (Tr. p. 34). The ALJ noted that a physical therapist recommended daily exercise in April 2010 for improvement and was doubtful he could improve without it. (Tr. p. 34).   In June 2011, the ALJ noted that the neurosurgeon determined the imaging findings were "unimpressive" and "mild" and surgery was not considered.   (Tr. p. 34). The ALJ also noted that Plaintiff continued participating in a wide range of daily activities including personal care, meal preparation, cleaning laundry, driving, shopping and attending church while at the same time claiming inactivity due to pain and his impairments.   (Tr. p. 34). The ALJ concluded that Plaintiff's objective medical evidence and daily activities do not support the severity of Plaintiff's impairments as claimed by Plaintiff.

The ALJ thoroughly reviewed the testimony and statements of Plaintiff as well as the medical evidence of record.   The ALJ mentioned the limitations that Plaintiff claimed and exhaustively reviewed the medical records of Plaintiff, and compared them to determine that Plaintiff's statements concerning the intensity, persistence and limiting effects of these symptoms were not credible.   The ALJ considered the medical records and activities of daily living, the Plaintiff's testimony and statements as to the nature and intensity of the pain, and the treatment, and determined Plaintiff was not as limited as Plaintiff claimed. Therefore, the ALJ did not err in making a determination as to Plaintiff's credibility.

Plaintiff also argues that his medications cause him difficulty in concentrating and loss of memory. Although unclear, it appears that Plaintiff also asserts that because Plaintiff has concentration problems from his medications, his ability to reach and handle, and his finger dexterity is affected. All of the State Agency Assessments have no limitations on Plaintiff's ability to reach, handle or finger.   (Tr. p. 254, 267, 366).   The ALJ notes that Plaintiff testified that the side effects from the medications were dizziness, loss of concentration and memory. (Tr. p. 33).

Plaintiff failed to cite to the medical record to support Plaintiff's subjective complaints.   Even though Plaintiff does not cite to it, Plaintiff's Psychiatric Review Technique dated July 8, 2010 included a mild degree of limitation in maintaining concentration, persistence, or pace, and the ALJ noted this determination in his Decision. (Tr. p. 28, 388). Although an ALJ has the duty to develop the record, a plaintiff has the burden to prove he is disabled and must introduce evidence to support his claim that his symptoms, including any side effects of medication make him unable to work. *Walker v. Comm'r of Soc. Sec.*, 404 F. App'x 362, 366 (11th Cir. 2010).   As stated above, the ALJ considered Plaintiff's subjective complaints, the medical evidence of record, and Plaintiff's activities of daily living.   The ALJ determined that Plaintiff's statements concerning the intensity, persistence and limiting effects of these symptoms were not credible.   The ALJ's determination was supported by substantial evidence, and the Court determines that the ALJ did not err in his assessment of Plaintiff's ability to stoop and bend, and the side effects of Plaintiff's medications and their effects on Plaintiff's ability to return to his past relevant work.

### C.   Physical and Mental Requirements of Past Relevant Work

Plaintiff argues that the ALJ erred in failing to consider the duties and requirements of Plaintiff's past relevant work as a jeweler, specifically that it requires a high level of skill and being in a bent sitting position for prolonged periods of time.   Plaintiff is asking that the Court take judicial notice that a jeweler typically performs the job bent over a desk or bench with a magnifying glass or a jeweler's loop working with small tools. The Commissioner asserts that substantial evidence supports the ALJ's conclusion that Plaintiff could perform his past relevant work as a jeweler.

A plaintiff bears the burden of showing that she can no longer perform her past relevant work as she actually performed it, or as it is performed in the general economy.   *Waldrop v.*

*Comm'r of Soc. Sec.*, 379 F. App'x 948, 953 (11th Cir. 2010). (citing *Jackson v. Bowen*, 801 F.2d 1291, 1293-94 (11th Cir. 1986). Even though a plaintiff has the burden of showing she can no longer perform her past relevant work, the Commissioner has the obligation to develop a full and fair record.  *Schnorr v. Bowen*, 816 F.2d 578, 581 (11th Cir. 1987) (citations omitted).   To develop a full and fair record, an ALJ must consider all of the duties of that past relevant work and evaluate a plaintiff's ability to perform the past relevant work in spite of the impairments.  *Levie v. Comm'r of Soc. Sec.*, 514 F. App'x 829, 831 (11th Cir. 2013). SSR 82-62 requires the ALJ to make the "following specific findings of fact: 1. A finding of fact as to the individual's RFC. 2. A finding of fact as to the physical and mental demands of the past job/occupation. 3. A finding of fact that the individual's RFC would permit a return to his or her past job or occupation."   SSR 82-62, 1982 WL 31386 *4 (1982). A plaintiff is the primary source for vocational documents, and "statements by the claimant regarding past work are generally sufficient for determining the skill level; exertional demands and nonexertional demands of such work."  *Id*. at *3.

The ALJ summarized Plaintiff's testimony and statements as to his past relevant work as a jeweler.   (Tr. p. 35).   The ALJ noted that he walked around, stood for one hour, and sat for seven hours in a day.   (Tr. p. 35).   The ALJ reported that Plaintiff lifted and carried less than 10 pounds. The ALJ cited to the <u>Dictionary of Occupational Titles</u> (D.O.T.) to describe the job of jewelry repair as a sedentary skilled job, SVP 7 – DOT #700-281-010.   (Tr. p. 35).   The ALJ compared Plaintiff's RFC to the physical and mental demands of the job of jewelry repair and concluded that Plaintiff was able to perform this job as actually and generally performed.

In this case, the ALJ complied with SSR 82-62 and made findings of fact as to the Plaintiff's RFC; findings of fact as to the physical and mental demands of the job of jewelry repair; and, findings of fact that Plaintiff's RFC would permit him to return to his past relevant work of

jewelry repair.   Plaintiff argues that the ALJ failed to consider Plaintiff's inability to bend or stoop and his limitations in concentration.   However, the DOT #700.281.010 for jeweler does not contain any stooping requirements.   The Court must follow the requirements set forth in the DOT absent evidence to the contrary, and Plaintiff has failed to provide any evidence that a jeweler or jewelry repair person is required to bend or stoop as this job is performed generally.   Further, as determined above, Plaintiff has failed to show any support in the medical records for the proposition that Plaintiff is unable to bend or stoop occasionally.

Plaintiff also asserts that he has mild a limitation in concentration and this limitation could impact his ability to perform work as a jeweler. Plaintiff failed to cite any evidence in the record or provide any support for this statement.   The ALJ thoroughly reviewed Plaintiff's medical records, and considered the duties of Plaintiff's past relevant work.   The ALJ did not find Plaintiff's statements concerning the intensity, persistence and limiting effects of his symptoms to be credible.   Although Plaintiff mentioned at the hearing that he has dizziness, problems with concentration, and loss of memory, Plaintiff failed to cite to any medical records where he mentioned these symptoms to his doctors, nor did he indicate how these symptoms affected his daily living activities or his ability to perform his past relevant work.   Plaintiff did not indicate that he stopped working as a jeweler due to the side effects of his medication.   When asked at the hearing why he can no longer worked in jewelry repair, Plaintiff mentioned his difficulties in bending but did not mention any difficulties with concentration or memory loss. (Tr. p. 46-47). The Court determines that the ALJ did not err in determining that Plaintiff can return to his past relevant work as a jeweler.

### III. Conclusion

Upon consideration of the submissions of the parties and the administrative record, the

Court finds that the decision of the Commissioner is supported by substantial evidence and decided according to proper legal standards.

**IT IS HEREBY ORDERED:**

The decision of the Commissioner is **AFFIRMED** pursuant to sentence four of 42 U.S.C. §405(g).   The Clerk is directed to enter judgment accordingly, terminate any pending motions and deadlines, and close the case.

**DONE** and **ORDERED** in Fort Myers, Florida on September 15, 2014.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties